# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:15-CV-61598

YEHONATAN WEINBERG, individually and
on behalf of all others similarly situated,

    *Plaintiff,*

v.

ADVANCED DATA PROCESSING, INC.,
a Delaware corporation, and INTERMEDIX
CORP., a Delaware corporation,

    *Defendants*.
_____/

## PLAINTIFF'S MOTION FOR AND MEMORANDUM
## IN SUPPORT OF CLASS CERTIFICATION

**TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................................1

   **I.**   **FACTUAL BACKGROUND** ...............................................................................2

        **A.**  **Facts Applicable to All Putative Class Members** ......................................2

        **B.**  **Facts Applicable to Plaintiff Weinberg** ....................................................3

        **C.**  **The Proposed Class** ...................................................................................4

   **II.**   **THE PROPOSED CLASS SATISFIES EACH OF THE PREREQUISITES FOR CERTIFICATION** ......................................................................................4

        **A.**  **The Proposed Class Meets the Prerequisites of Rule 23(a)** .......................6

            i.   *The Numerosity Prerequisite is Satisfied* ............................................6

            ii.  *The Commonality Prerequisite is Satisfied* .........................................7

            iii. *Plaintiff's Claims are Typical of the Class* ..........................................8

            iv. *The Adequacy of Representation Prerequisite is Satisfied* .................9

        **B.**  **The Proposed Class Meets the Requirements of Rule 23(b)** ...................10

            i.   *Rule 23(b)(2) is Satisfied* ...................................................................11

            ii.  *Rule 23(b)(3) is Satisfied* ..................................................................11

**CONCLUSION** ....................................................................................................................13

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) .............................................................13

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)........................................................................4

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) .....................................................................7

*Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015) .............................................................1 n.1

*United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980)..........................................13

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ..........................................................7, 12

**United States Circuit Court of Appeals Cases**

*Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183 (11th Cir. 2009)........................................................5

*Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240 (11th Cir. 2003) ..............12, 13

*Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986)......................................................6

*Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) .......................................................1 n.1

*Evans v. United States Pipe and Foundry Co.*, 696 F.2d 925 (11th Cir. 1983)..............................6

*Heffner v. Blue Cross & Blue Shield of Alabama, Inc.*, 443 F.3d 1330 (11th Cir. 2006)..........5, 11

*Hines v. Widnall*, 334 F.3d 1253 (11th Cir. 2003).........................................................................8

*Kerr v. City of West Palm Beach*, 875 F.2d 1546 (11th Cir. 1989) ..............................................12

*Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987) ..............................................9

*Little v. T-Mobile USA, Inc.*, 691 F.3d 1302 (11th Cir. 2012).....................................................5, 6

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) ........................................8

*Stein v. Buccaneers Ltd. Partn.*, 772 F.3d 698 (11th Cir. 2014)................................................1 n.1

**United States District Court Cases**

*Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692 (S.D. Fla. 2004)..............................................12

*Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679 (S.D. Fla. 2006) .........7

*Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54 (S.D. Fla. 1990) ....................................................8

*Cheney v. Cyberguard Corp.*, 213 F.R.D. 484 (S.D. Fla. 2003)......................................................7

*Diaz v. Hillsborough County Hosp. Auth.*, 165 F.R.D. 689 (M.D. Fla. 1996) ..............................11

*Edmonds v. Levine*, 233 F.R.D. 638 (S.D. Fla. 2006)......................................................................6

*Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000) ............................................7

*Harris, et al. v. comScore, Inc.*, No. 11-cv-5807 (N.D. Ill. 2013)..................................................10

*In re Facebook Privacy Litig.*, No. 10-cv-02389-JW (N.D. Cal., Dec. 10, 2010)........................10

*In re Terazosin Hydrochloride*, 220 F.R.D. 672 (S.D. Fla. 2004)....................................................5

*In re Recoton Corp. Securities Litig.*, 248 F.R.D. 606 (M.D. Fla. 2006) ......................................10

*Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601 (S.D. Fla. 2002) ..................................................6

*Neumont v. Monroe County, Fla.*, 198 F.R.D. 554 (S.D. Fla. 2000)................................................5

*Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677 (S.D. Fla. 2008).........................................8

*Resnick v. Avmed*, No. 10-cv-24513 (S.D. Fla.) ...........................................................................10

*Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675 (S.D. Fla. 2009).......................................................11, 12

*Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315 (S.D. Fla. 1996) ...................................................4, 6

**Statutory Provisions**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

**Miscellaneous Authorities**

*Newberg on Class Actions* § 3:5 ..................................................................................................6, 7

**INTRODUCTION**

Plaintiff Yehonatan Weinberg, by and through his undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23, but requests that the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time, Plaintiff will submit a detailed memorandum of points and authorities in support of class certification.[1]

Intermedix is one of the largest healthcare payment and billing processors in the United States. As a healthcare service provider, Intermedix is required to protect patients' sensitive information by adopting and implementing specific data security regulations and standards set forth under the Health Insurance Portability and Accountability Act ("HIPAA"). Many of these same data protection practices are mandated by industry standard data protection protocols.

Despite these obligations, Intermedix failed to implement even basic standards for data protection used throughout the healthcare industry. As a result, an Intermedix employee was able to easily gain access to hundreds (if not thousands) of emergency medical service patients' sensitive information, including their names, dates of birth, Social Security numbers, dates of

---

[1]   Plaintiff files this motion at the outset of the litigation to prevent Defendants Advanced Data Processing, Inc. and Intermedix Corp. (collectively referred to in the singular as "Intermedix") from attempting a so-called "buy off" to moot his representative claims (*i.e.*, tendering to him the full amount of his individual damages alleged in his Class Action Complaint and Demand for Jury Trial, Dkt. 1 ["Compl."]). *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."); *see also Campbell-Ewald Co. v. Gomez*, No. 14-857, 135 S. Ct. 2311 (U.S. May 18, 2015) (granting certiorari in a case involving "pick off" attempts in putative class actions). *But see Stein v. Buccaneers Ltd. Partn.*, 772 F.3d 698, 709 (11th Cir. 2014) (holding that a defendant's unaccepted offer of full relief to the named plaintiffs did not render the case moot even if the proffer comes *before* the plaintiff has moved to certify a class).

1

medical services, health insurance information, and other protected health information as defined by HIPAA (collectively, "Sensitive Information").

Plaintiff Weinberg is just one individual who had his Sensitive Information accessed and disclosed without authorization by an Intermedix employee and, as a direct result, experienced identity theft. In response to Intermedix's unlawful conduct, Plaintiff brings this putative class action lawsuit and seeks to certify a proposed Class and Subclass of consumers (defined below). The proposed Class and Subclass meet each of the prerequisites to certification under Rule 23 of the Federal Rules of Civil Procedure and, therefore, the instant motion should be granted in its entirety. Notwithstanding, Plaintiff respectfully requests that the Court (i) enter and reserve ruling on his Motion for Class Certification; (ii) allow for and schedule discovery to take place on class-wide issues; (iii) grant him leave to file a supplemental memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (iv) grant his Motion for Class Certification after full briefing of the issues presented herein; and (v) provide all other and further relief that the Court deems reasonable and just.

I.     FACTUAL BACKGROUND.

   A.     Facts Applicable to All Putative Class Members.

Intermedix is a healthcare payment and billing processor that processes more than 15 million patient encounters per year, including for emergency medical service patients. (Compl. ¶¶ 2–3.) Unfortunately, nearly *three years ago* an Intermedix employee systematically accessed and viewed the Sensitive Information of hundreds (if not thousands) of emergency medical service patients who used ambulances (which Intermedix provided, among other things, billing and payment processing for). (*Id.* ¶ 4.) This Sensitive Information was then provided to third parties who used it to file fraudulent tax returns with the Internal Revenue Service. (*Id.*)

While some security threats are unavoidable in a rapidly developing technological environment (and, indeed, underscore the need for modern and robust information security protections), Intermedix's failure to, among other things, segment and control its databases in accordance with long standing HIPAA security regulations and industry standard data protection protocols jeopardized potentially millions of emergency medical service patients' Sensitive Information. (*Id.* ¶ 5.) In fact, Plaintiff Weinberg—like numerous other consumers—has already suffered actual identity theft caused by the data breach. (*Id.* ¶ 6.)

### B.    Facts Applicable to Plaintiff Weinberg.

In 2012, Plaintiff Weinberg sought emergency medical treatment and was taken to a hospital in an ambulance. (Compl. ¶ 36.) In order to use the ambulance, Plaintiff Weinberg was required to provide the ambulance service with his Sensitive Information. (*Id*. ¶ 37.)

Unbeknownst to Plaintiff Weinberg, the ambulance service he used engaged Intermedix to handle its billing and payment-related processing services. (*Id*. ¶ 38.) As a result, Intermedix received Plaintiff Weinberg's Sensitive Information (and also a portion of the money he paid for the ambulance, in the form of service or processing fees charged by Intermedix for its billing and payment processing services). (*Id*.)

Unfortunately, the records accessed and viewed by the Intermedix employee discussed above included Plaintiff's Sensitive Information. (*Id*. ¶ 39.) Plaintiff Weinberg's Sensitive Information was thereafter disclosed to or sold to a group of individuals who subsequently used that information to steal his identity and file a fraudulent tax return using his name and Social Security number. (*Id*. ¶ 40.) As a direct result of the data breach and to mitigate against additional harm caused by Intermedix's conduct, Weinberg has spent (and will continue to spend) a substantial amount of time and resources to fixing the instances of identity theft that he

experienced. (*Id*. ¶ 41.)

C.   **The Proposed Class.**

As a result of Defendants' conduct described above, Plaintiff brings the instant lawsuit and seeks certification of a class and subclass of individuals, defined as follows:

> **Class**: All persons in the United States and its territories whose Sensitive Information was accessed without authorization by an Intermedix employee in 2012.
>
> **Identity Theft Subclass**: All Class members who experienced identity theft as a result of Intermedix's data breach.[2]

As demonstrated below, the proposed Class and Subclass meet each of Rule 23's prerequisites to certification and, therefore, the instant motion should be granted in its entirety.

**III.   THE PROPOSED CLASS SATISFIES EACH OF THE PREREQUISITES FOR CERTIFICATION.**

To obtain class certification, it is not necessary for a plaintiff to establish that he or she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met") (internal quotation marks and citation omitted); *see also Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996) ("Moreover, and most importantly, in determining whether to certify a class, the Court is not to examine the underlying merits of the claims."). Indeed, a court should only

---

[2]   The following people are excluded from the Class and Identity Theft Subclass (collectively referred to as the "Class", unless otherwise indicated): (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

consider "the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009). Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties with a presumption in favor of certification. *See Neumont v. Monroe County, Fla.*, 198 F.R.D. 554, 557 (S.D. Fla. 2000).

To proceed with a class action here, Plaintiff Weinberg must establish that each of the prerequisites of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that the proposed class be so numerous that joinder of all individual class members is impracticable (numerosity); that there are common questions of law and fact that affect all class members (commonality); that the proposed representative's claims are typical of those of the class (typicality); and, that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). *See Babineau*, 576 F.3d at 1189–90; *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 684 (S.D. Fla. 2004).

Plaintiff seeks certification of the proposed Class and Identity Theft Subclass pursuant to both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the proposed class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2); *see also Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1344 (11th Cir. 2006). Likewise, in order to certify a class under Rule 23(b)(3), a named representative must demonstrate (i) that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and (ii) that the class mechanism is superior to other available methods for fairly and

efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). As demonstrated below, the proposed Class and Identity Theft Subclass meet each of Rule 23's prerequisites and, therefore, should be certified.

    **A.**    **The Proposed Class Meets the Prerequisites of Rule 23(a).**

        *i.*    *The Numerosity Prerequisite is Satisfied.*

The first prerequisite of Rule 23(a) is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1); *see Walco Invs., Inc.*, 168 F.R.D. at 324 (holding that the size of the class is the most important factor in determining whether joinder is impracticable). In determining whether this prerequisite is satisfied, the court need not determine the precise number of class members and may make common sense assumptions to find support for numerosity. *See Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601, 605 (S.D. Fla. 2002) (citing *Evans v. United States Pipe and Foundry Co.*, 696 F.2d 925 (11th Cir. 1983)). Generally, the numerosity prerequisite is not met with numbers less than 21, but is satisfied when the class comprises 40 or more members. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *Martinez*, 213 F.R.D. at 605.

Here, Plaintiff alleges—and discovery will confirm—that Defendants' failure to, among other things, segment and control its databases in accordance with long standing HIPAA security regulations and industry standard data protection protocols jeopardized potentially millions of emergency medical service patients' Sensitive Information. (*See* Compl. ¶¶ 5, 44, 48); *see also Edmonds v. Levine*, 233 F.R.D. 638, 640–41 (S.D. Fla. 2006) (finding that "[t]here is no question" that the numerosity requirement is satisfied when plaintiffs estimate a class consisting of "thousands"); *Newberg on Class Actions § 3:5*, 243–46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such

6

cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class satisfies the numerosity prerequisite.[3]

            ii.       *The Commonality Prerequisite is Satisfied.*

The second prerequisite to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy the commonality prerequisite, the representative plaintiff is required to demonstrate that the proposed . . . class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Even so, "[t]he threshold for commonality is not high." *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679, 691 (S.D. Fla. 2006) (quoting *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003)). Indeed, "[n]ot all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000).

Here, all members of the proposed Class share common questions of fact that predominate over issues affecting only individual members. Those common factual issues for the Class include whether Defendants adequately safeguarded their Sensitive Information (they didn't). (Compl. ¶ 49.) These common factual questions also lead to several legal questions common to the Class, including: (1) whether Defendants' storage, maintenance, and protection

---

[3]     To the extent the Court requires additional details regarding the number of members in

of Plaintiff's and the Class members' Sensitive Information violated HIPAA's security protocols or industry standards; (2) whether Defendants breached their duties to protect Plaintiff's and the Class members' Sensitive Information; (3) whether Defendants were negligent in storing and protecting Plaintiff's and the Class members' Sensitive Information; (4) whether Defendants should be liable for damages incurred by Plaintiff and the Class as a result of their data breach; and (5) whether Defendants should retain the entirety of the money paid by Plaintiff and the Class members for emergency medical services (which Defendants received a portion of in the form of service or processing fees charged to the medical service providers for Defendants' billing and payment processing). (*Id.*) Accordingly, the commonality prerequisite is met as well.

### iii. *Plaintiff's Claims are Typical of the Class.*

Typicality, the next prerequisite under Rule 23, requires that Plaintiff's claims be typical of those of the other Class members. Fed. R. Civ. P. 23(a)(3). "[T]ypicality measures whether a significant nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003) (internal quotation omitted). The purpose of the typicality requirement is to ensure that "the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (citations omitted). Thus, the typicality requirement is satisfied where, in proving his or her own case, "the representative plaintiff [also] establishes the elements needed to prove the class members' case. . . ." *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (citing *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990)).

Here, Plaintiff and the proposed Class were each subjected to Defendants' common

---

the Class, such information may be obtained from Defendants' records through discovery.

8

course of conduct. That is, Intermedix failed to adequately protect their Sensitive Information in substantially the same manner by allowing an employee to systematically and repeatedly access their Sensitive Information without authorization. (Compl. ¶¶ 4, 26, 50.) Thus, Plaintiff's claims are typical of the Class's.

                *iv.*     *The Adequacy of Representation Prerequisite is Satisfied.*

Finally, Rule 23(a)'s last prerequisite demands that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Fulfilling this prerequisite mandates that (i) the class representative possesses no interests antagonistic to the class and (ii) class counsel is competent. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726–28 (11th Cir. 1987).

Here, Plaintiff Weinberg has the same interests as the other members of the Class: each member of the Class had their Sensitive Information accessed without authorization (for nefarious purposes) and this unauthorized access was due to Intermedix's inadequate security safeguards. (Compl. ¶¶ 4–6, 21, 23, 39, 44, 51.) Likewise, Plaintiff and each member of the Identity Theft Subclass had their identities stolen as a result of Intermedix's conduct. (*Id.*) Ultimately, Plaintiff has no interests antagonistic to those of the Class and, therefore, will fairly and adequately protect their interests. (*Id.* ¶ 51.) Plaintiff's pursuit of the instant action demonstrates as much.

Similarly, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation involving electronic privacy and data breach issues, have the resources necessary to conduct litigation of this nature, and have had extensive experience in consumer class actions involving similar issues and that were of similar size, scope and complexity as the present case. *See In re Facebook Privacy Litig.*, No. 10-cv-02389-JW,

Dkt. 69 (N.D. Cal., Dec. 10, 2010) (recognizing Edelson PC—then known as Edelson McGuire, LLC—as a "pioneer[] in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue."); (*see also* Firm Resume of Edelson PC, a true and accurate copy of which is attached as Exhibit A.) Ultimately, Edelson PC has achieved groundbreaking results in the electronic privacy class action and data breach fields, and has obtained groundbreaking decisions and settlements. *See, e.g.*, *Harris, et al. v. comScore, Inc.*, No. 11-cv-5807, 2013 WL 1339262 (N.D. Ill., Apr 2, 2013) (representing largest-ever adversarially certified privacy class); *Resnick v. Avmed*, No. 10-cv-24513 (S.D. Fla.) (lead counsel in data breach case filed against health insurance company, obtained landmark appellate decision endorsing common law unjust enrichment theory, irrespective of whether identity theft occurred, and reached—what is believed to be—the first class action settlement in the country to provide data breach victims with monetary payments irrespective of identity theft); *accord In re Recoton Corp. Securities Litig.*, 248 F.R.D. 606, 620 (M.D. Fla. 2006) (finding that proposed class counsel's previous appointment as lead counsel is instructive). Proposed class counsel have already diligently investigated and dedicated substantial resources to the investigation of the claims at issue in this action, and will continue to do so throughout its pendency. Thus, both Plaintiff and his counsel will adequately represent the Class.

Accordingly, the adequacy requirement is likewise satisfied.

  **B.**  **The Proposed Class Meets the Requirements of Rule 23(b).**

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be as well. Here, Plaintiff seeks certification of the proposed Class under both sections (b)(2) and (b)(3).

    *i.*  *Rule 23(b)(2) is Satisfied.*

  Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." *See also Heffner*, 443 F.3d at 1344. In cases in which the defendants have acted in a manner generally applicable to the class, and the relief sought is predominantly injunctive in nature rather than essentially a claim for damages, the proposed class may be certified under Rule 23(b)(2). *Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 684 (S.D. Fla. 2009). Additionally, the requirement that the defendant act on grounds generally applicable to a Rule 23(b)(2) class is encompassed in the commonality requirement of Rule 23(a), and where a court finds that the commonality requirement is met, the court should also find that the plaintiff has satisfactorily alleged that the defendants acted on grounds generally applicable to the class. *Diaz v. Hillsborough County Hosp. Auth.*, 165 F.R.D. 689, 695 (M.D. Fla. 1996).

  There should be no question that Intermedix acted on grounds generally applicable to the Class as a whole. That is, Intermedix failed to adequately protect Plaintiff's and the Class's Sensitive Information in substantially the same manner by allowing an employee to systematically and repeatedly access their Sensitive Information without authorization. (Compl. ¶¶ 4, 26, 50, 52.) Thus, Intermedix acted on grounds that are generally applicable to the Class as a whole, making final injunctive relief necessary to protect Plaintiff and the Class from such conduct in the future. (*Id*. ¶ 52.) Thus, the requirements of Rule 23(b)(2) are satisfied.

    *ii.*  *Rule 23(b)(3) is Satisfied.*

  Plaintiff also seeks certification of the proposed Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to

11

members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). As discussed below, this case meets both of these requirements.

When considering predominance, "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Rosen*, 270 F.R.D. at 681. The "inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692, 700 (S.D. Fla. 2004) (internal quotation marks omitted); *see Dukes*, 131 S. Ct. at 2551–57. Common questions that predominate over individual issues are those that are "subject to generalized proof, and thus applicable to the class as a whole . . . ." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989) (internal quotation marks omitted). Here, Plaintiff's and the putative Class's claims arise from Intermedix's uniform conduct of failing to adequately protect their Sensitive Information as obligated under, among other things, HIPAA. (*See* Compl. ¶¶ 1, 3–5, 21–26, 35, 44, 52.) Intermedix's actions toward each member of the proposed Class were conducted in precisely the same manner and, therefore, entitle each member of the proposed Class to easily ascertainable damages. (*Id.*)

Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. "The inquiry into whether the class action is the superior method for a particular case focuses on 'increased efficiency.'" *Agan*, 222 F.R.D. at 700. Class actions are particularly appropriate when they function as "[a] convenient and economical means for disposing of similar lawsuits, and the

12

facilitation of the spreading of litigation costs among numerous litigants with similar claims." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1246 (11th Cir. 2003) (quoting *United States Parole Commission v. Geraghty*, 445 U.S. 388, 402–03 (1980)); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (stating that the "very core of the class action mechanism is to overcome the problem that small recoveries do not provide an incentive for any individual to bring a solo action prosecuting his or her rights.").

The instant class action is superior to other available methods for litigating Plaintiff's and the other Class members' claims. Absent class treatment, each individual Class member would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Intermedix. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Similarly, class certification would promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is satisfied as well.

## **CONCLUSION**

For the foregoing reasons, and those which will be borne out by class discovery, this case is appropriate for class certification. Accordingly, Plaintiff Yehonatan Weinberg, on behalf of himself and the proposed Class, respectfully requests that the Court: (i) enter and reserve ruling on his Motion for Class Certification; (ii) allow for and schedule discovery to take place on class-wide issues; (iii) grant him leave to file a supplemental memorandum in support of his

Motion for Class Certification upon the conclusion of class-wide discovery; (iv) grant his Motion for Class Certification after full briefing of the issues presented herein; and (v) provide all other and further relief that the Court deems reasonable and just.[4]

                                        Respectfully submitted,

                                        **YEHONATAN WEINBERG**, individually and on behalf of all others similarly situated,

Dated: August 5, 2015                By: /s/ Edmund A. Normand
                                                   One of Plaintiff's Attorneys

                                        Edmund A. Normand (Florida Bar No. 865590)
                                        ed@ednormand.com
                                        EDMUND A. NORMAND PLLC
                                        4381 New Broad Street
                                        Orlando, Florida 32814
                                        Tel: 407.625.9043

                                        Ari J. Scharg
                                        ascharg@edelson.com
                                        Benjamin S. Thomassen
                                        bthomassen@edelson.com
                                        EDELSON PC
                                        350 North LaSalle Street, Suite 1300
                                        Chicago, Illinois 60654
                                        Tel: 312.589.6370
                                        Fax: 312.589.6378

---

[4]     Plaintiff respectfully reserves the right to amend the Class Definitions at the conclusion of class-wide discovery, subject to Court approval.

14