UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-61598-CIV-BLOOM/VALLE

**YEHONATAN WEINBERG,** individually and
on behalf of all others similarly situated**,**

       Plaintiff,

v.

**ADVANCED DATA PROCESSING, INC.**, *et al.*,

       Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Class Certification, (the "Motion"), ECF No. [5], which also seeks a stay of briefing of this motion "until after the completion of discovery on class-wide issues." *Id.* at 5. Plaintiff files the instant motion "at the outset of litigation to prevent Defendants . . . from attempting a so-called 'buy off' to moot his representative claims," citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) in support. *Id.* at 5 n.1.

Had Plaintiff filed the same motion in the Seventh Circuit, he would be correct. *See Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 707 (11th Cir. 2014) ("*Damasco* said that if the [Rule 68] offer to the named plaintiff is made before the plaintiff moves to certify a class, the named plaintiff cannot go forward."). However, the Eleventh Circuit declined to follow *Damasco*, stating that such an approach "would produce unnecessary and premature certification motions in some cases and unnecessary gamesmanship in others." *Id.* at 708.

"In the Third, Fifth, Ninth, and Tenth Circuits, as now in the Eleventh, a Rule 68 offer of full relief to the named plaintiff does not moot a class action, even if the offer precedes a class-

certification motion, so long as the named plaintiff has not failed to diligently pursue class certification." *Id.* at 707 (citing *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011)). "[T]o act diligently, a named plaintiff need not file a class-certification motion with the complaint or prematurely; *it is enough* that the named plaintiff diligently takes any necessary discovery, complies with any applicable local rules and scheduling orders, and acts without undue delay." *Stein*, 772 F.3d at 707 (emphasis added).

Following *Stein*, Plaintiff's Motion is premature, and a stay is not necessary at this time. It is accordingly **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [5]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of August, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record