## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

YEHONATAN WEINBERG, individually
and on behalf of all others similarly situated,

       Plaintiff,                      **Case No: 0:15-cv-61598-BB**

v.                                   CLASS ACTION

ADVANCED DATA PROCESSING, INC.,
a Delaware corporation, and INTERMEDIX
CORP., a Delaware corporation,

       Defendants.

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Advanced Data Processing, Inc., doing business as Intermedix ("ADP") and Intermedix Corp. ("Intermedix Corporation") (collectively "Defendants"), respond as follows to the correspondingly numbered paragraphs of Counts One and Three of Plaintiff's Class Action Complaint and Demand for Jury Trial (Dkt. 1) ("Complaint"):[1]

### NATURE OF THE ACTION

1.      Defendants admit that Plaintiff brings this case as a putative class action, but deny that this case is proper for class treatment.  Defendants deny the remaining allegations in this paragraph.

2.      The allegations in this paragraph are admitted as to ADP.

3.      The allegations in this paragraph are legal conclusions to which no responses are required.  To the extent that a response is required, Defendants state that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") speaks for itself.  Defendants are without

---

[1] Count II of Plaintiff's Complaint was dismissed by the Court's November 17, 2015 Order (Dkt. 23).

knowledge as to, and therefore deny the allegations relating to, the unidentified "industry standard data protection protocols" referred to in this paragraph.

4.      Defendants admit that a former employee of ADP disclosed patient account information to a theft ring involved in a scheme to file fraudulent tax returns with the Internal Revenue Service.  Defendants further admit that ADP provides billing services for ambulance agencies.  Defendants deny the remaining allegations in this paragraph.

5.      Defendants admit that some security threats are unavoidable in a rapidly developing technological environment.   Defendants deny the remaining allegations in this paragraph.

6.      Defendants deny the allegations in this paragraph.

## PARTIES

7.      Defendants admit the allegations in this paragraph.

8.      Defendants admit the allegations in this paragraph.

9.      Defendants admit the allegations in this paragraph.

## JURISDICTION AND VENUE

10.      Defendants admit the allegations in this paragraph for jurisdictional purposes only.

11.      Defendants deny that unlawful conduct occurred as alleged in this paragraph, and otherwise admit the allegations in this paragraph for jurisdictional purposes only.

12.      Defendants deny that unlawful conduct occurred as alleged in this paragraph, and otherwise admit the allegations in this paragraph for venue purposes only.

## FACTUAL BACKGROUND

13.      The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced report speaks for itself.

2

14.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced report speaks for itself.

15.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced website and regulation speak for themselves.

16.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced website speaks for itself.  Defendants are otherwise without knowledge as to, and therefore deny, the allegations in this paragraph.

17.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced study speaks for itself.  Defendants are otherwise without knowledge as to, and therefore deny, the allegations in this paragraph.

18.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced study speaks for itself.  Defendants are otherwise without knowledge as to, and therefore deny, the allegations in this paragraph.

19.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that the referenced study speaks for itself.  Defendants are otherwise without knowledge as to, and therefore deny, the allegations in this paragraph.

20.     Defendants state that the referenced letter speaks for itself.   Defendants otherwise deny the allegations in this paragraph.

21.     Defendants admit that a former ADP employee was able to access records in the scope of her employment.  Defendants deny the remaining allegations in this paragraph.

22.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

23.     Defendants admit that ADP or its agents designed and implemented its policies and procedures regarding the security of protected health and other information.  Defendants deny the remaining allegations in this paragraph.

24.     Defendants admit that Plaintiff and the proposed class did not have a direct relationship (business or otherwise) with either of them.   Defendants deny the remaining allegations in this paragraph.

25.     Defendants admit that Plaintiff was notified in April 2015.  Defendants deny the remaining allegations in this paragraph.

26.     Defendants deny the allegations in this paragraph.

27.     Defendants state that the referenced letter speaks for itself.   Defendants otherwise deny the allegations in this paragraph.

28.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that HIPAA speaks for itself.

29.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that HIPAA speaks for itself.

30.     Defendants deny the allegations in this paragraph.

31.     Defendants deny the allegations in this paragraph, including each subparagraph.

32.     Defendants state that the referenced report speaks for itself.   Defendants otherwise deny the allegations in this paragraph.

33.     The allegations in this paragraph do not require a response.  To the extent that a response is required, Defendants state that referenced report speaks for itself.

34.     Defendants deny the allegations in this paragraph.

35.     Defendants deny the allegations in this paragraph.

36.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

37.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

38.     Defendants are without knowledge as to Plaintiff's knowledge.  Defendants admit that Emergency Medical Services contracted with ADP to provide certain services and that ADP received certain information regarding Plaintiff.  Defendants deny the remaining allegations in this paragraph.

39.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

40.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

41.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

42.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

43.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

44.     Defendants deny that any identity theft was caused by Defendants.  Defendants are otherwise without knowledge as to, and therefore deny, the allegations in this paragraph.

45.     Defendants deny the allegations in this paragraph.

46.     Defendants deny the allegations in this paragraph.

## CLASS ALLEGATIONS

47.     Defendants admit that Plaintiff attempts to bring this action on behalf of himself and the putative class and subclass described in this paragraph.  Defendants deny that the putative class and subclass are a properly defined class and subclass, and deny that any claims in this action satisfy the requirements and are proper for class treatment under the Federal Rules of Civil Procedure and governing authority.[2]

48.     Defendants deny the allegations in this paragraph.

49.     Defendants deny the allegations in this paragraph, including each subparagraph.

50.     Defendants deny the allegations in this paragraph.

51.     Defendants are without knowledge as to, and therefore deny, the allegations in this paragraph.

52.     Defendants deny the allegations in this paragraph.

53.     Defendants deny the allegations in this paragraph.

### FIRST CAUSE OF ACTION
#### Negligence

54.     Defendants reassert their responses to the incorporated paragraphs.

55.     Defendants deny the allegations in this paragraph.

56.     Defendants deny the allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph.

58.     Defendants deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

60.     Defendants deny the allegations in this paragraph.

61.     Defendants deny the allegations in this paragraph.

---

[2] Defendants reserve the right to challenge the sufficiency of Plaintiff's class allegations, and the class treatment of this action, at the appropriate stage.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty**

62 – 66.       This count has been dismissed.   Defendants are therefore not required to respond to the allegations contained in these paragraphs.   To the extent that responses are required, Defendants reassert their responses to the incorporated paragraphs, and deny the allegations in these paragraphs.

**THIRD CAUSE OF ACTION**
**Restitution / Unjust Enrichment**

67.       Defendants reassert their responses to the incorporated paragraphs.

68.       Defendants deny the allegations in this paragraph.

69.       Defendants deny the allegations in this paragraph.

70.       Defendants deny the allegations in this paragraph.

71.       Defendants deny that they are in possession of any money belonging to Plaintiff or the putative class, and otherwise deny the remaining allegations in this paragraph.

72.       Defendants deny the allegations in this paragraph.

Defendants further deny any allegations in Plaintiff's Complaint that are not specifically admitted above.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff and the putative class and subclass are entitled to any of the alleged damages and relief requested in Plaintiff's Prayer for Relief, including each subparagraph.

7

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff and/or putative class members bear the burden, Defendants assert the following affirmative defenses to Plaintiff's Complaint:

1.     Plaintiff's Complaint fails to adequately plead factual allegations sufficient to state claims upon which relief can be granted against ADP.

2.     Plaintiff's Complaint fails to adequately plead factual allegations sufficient to state claims upon which relief can be granted against Intermedix Corporation.

3.     Count One of Plaintiff's Complaint fails to state a claim upon which relief can be granted against ADP for negligence on behalf of Plaintiff and the putative class members under the law governing Plaintiff's and the putative class members' alleged claims.

4.     Count One of Plaintiff's Complaint fails to state a claim upon which relief can be granted against Intermedix Corporation for negligence on behalf of Plaintiff and the putative class members under the law governing Plaintiff's and the putative class members' alleged claims.

5.      Count Three of Plaintiff's Complaint fails to state a claim upon which relief can be granted against ADP for unjust enrichment on behalf of Plaintiff and the putative class members under the law governing Plaintiff's and the putative class members' alleged claims.

6.      Count Three of Plaintiff's Complaint fails to state a claim upon which relief can be granted against Intermedix Corporation for unjust enrichment on behalf of Plaintiff and the putative class members under the law governing Plaintiff's and the putative class members' alleged claims.

7.      Plaintiff and the putative class members lack standing to bring all or portions of their alleged claims against ADP to the extent that they have not suffered harm or damages from any alleged acts of ADP.

8.      Plaintiff and the putative class members lack standing to bring all or portions of their alleged claims against Intermedix Corporation to the extent that they have not suffered harm or damages from any alleged acts of Intermedix Corporation.

9.      The alleged harm or damages suffered by Plaintiff and the putative class members, if any, were not caused by ADP or Intermedix Corporation, but were instead caused by the intervening, supervening, and superceding acts or conduct of third parties.

10.      All or portions of Plaintiff's and the putative class members' alleged claims are barred by the applicable statutes of limitations governing Plaintiff's and the putative class members' alleged claims.

11.      All or portions of Plaintiff's and the putative class members' alleged claims are barred by the applicable doctrines of laches governing Plaintiff's and the putative class members' alleged claims.

12.      Plaintiff's and the putative class members' alleged claims are barred to the extent that they failed to use reasonable efforts to minimize and mitigate any alleged damages.

13.      All or portions of Plaintiff's and the putative class members' claims are barred by contributory negligence under the applicable law governing Plaintiff's and the putative class members' alleged claims.

14.      All or portions of Plaintiff's and the putative class members' claims are barred by comparative fault under the applicable law governing Plaintiff's and the putative class members' alleged claims.

15.     All or portions of Plaintiff's and the putative class members' claims are barred to the extent that they have been offered and/or received services, reimbursement, payment, or compensation for any alleged losses.

16.     All or portions of Plaintiff's and the putative class members' claims are barred by the  Economic Loss Doctrine(s) under the applicable law governing Plaintiff's and the putative class members' alleged claims.

17.     All or portions of Plaintiff's and the putative class members' claims are barred by a lack of actual or proximate cause under the applicable law governing Plaintiff's and the putative class members' alleged claims.

18.     All or portions of Plaintiff's and the putative class members' claims are barred because their alleged damages, if any, were not reasonably foreseeable under the applicable law governing Plaintiff's and the putative class members' alleged claims.

19.     All or portions of Plaintiff's and the putative class members' claims are barred by the  doctrines of waiver and estoppel under the applicable law governing Plaintiff's and the putative class members' alleged claims.

20.     Some or all of the alleged damages claimed by Plaintiff and the putative class members are not legally cognizable injuries under the applicable law governing Plaintiff's and the putative class members' alleged claims.

ADP and Intermedix Corporation reserve the right to contest class certification and assert additional defenses as discovery and this case proceed.

WHEREFORE, ADP and Intermedix Corporation request that Plaintiff's claims be dismissed and /or that judgment be entered in their favor, that ADP and Intermedix Corporation be awarded their costs and reasonable attorneys' fees as allowed by law, and such further relief as the Court deems proper.

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino (FBN 814539)
EMAIL:  jmarino@sgrlaw.com
Lindsey R. Trowell (FBN 678783)
EMAIL: ltrowell@sgrlaw.com
Kristen W. Bracken (FBN 92136)
EMAIL: kbracken@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Telephone:   904-598-6100
Facsimile:   904-598-6300

Dana M. Richens *(Admitted Pro Hac Vice)*
EMAIL:  drichens@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, GA  30309
Telephone:  (404) 815-3500
Facsimile:  (404) 815-3509

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was served on December 4, 2015, on all counsel or

parties of record on the below Service List by notice of electronic filing through CM/ECF.

/s/ *John P. Marino*
Attorney

## <u>SERVICE LIST</u>

Edmund A. Normand (FBN 865590)
EMAIL: ed@ednormand.com
EDMUND A. NORMAND, PLLC
4381 New Broad Street
Orlando, Florida 3284
Telephone: 407-625-9043

Ari J. Scharg
EMAIL: ascharg@edelson.com
Benjamin S. Thomassen
EMAIL: bthomassen@edelson.com
EDELSON, PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: 312-589-6370
Facsimile: 312-589-6378

*Attorneys for Plaintiff*

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
Lindsey R. Trowell (FBN 678783)
EMAIL: ltrowell@sgrlaw.com
Kristen W. Bracken (FBN 092136)
EMAIL: kbracken@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone:  904-598-6100
Facsimile:  904-598-6300

Dana M. Richens (Admitted Pro Hac Vice)
EMAIL:  drichens@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, GA  30309
Telephone:  (404) 815-3500
Facsimile:  (404) 815-3509

*Attorneys for Defendants*